

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|   |   |   |
|---|---|---|
| | § | |
| | § | No. 08-14-00218-CR |
| IN RE:   ANDREW D. MCGREW, JR., | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |
| | § | |

**MEMORANDUM OPINION**

Relator was charged by indictment in cause number 04-05-04643-CRW for the offense of robbery in 2003. This Court dismissed Relator's attempted appeal in 2005 because the trial court's certification reflected that the case involved a plea bargain and Relator was not entitled to appeal. *McGrew v. State*, No. 08-04-00303-CR, 2005 WL 82248 (Tex. App.—El Paso Jan. 13, 2005, pet. ref'd).

Relator has filed with this Court a *pro se* petition for writ of mandamus complaining that the 143rd District Court was without jurisdiction over his case, that the indictment, judgment, and sentence are void, and that he is entitled to assert an actual innocence claim. Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from an

otherwise final felony conviction. *See Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex.Crim.App. 1991)(orig. proceeding); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,* 910 S.W.2d 481, 483 (Tex.Crim.App. 1995)(orig. proceeding). Because the courts of appeal play no role in these matters and have no authority to issue writs of mandamus in connection with such proceedings, we lack the authority to command the trial judge to rule on and grant the relief Relator seeks. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3, 5; *Ater,* 802 S.W.2d at 242; *In re McAfee,* 53 S.W.3d 715, 718 (Tex.App.--Houston [1st Dist.] 2001, orig. proceeding).

## CONCLUSION

The petition for writ of mandamus is denied.


GUADALUPE RIVERA, Justice

July 30, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

2